BRONNER v. HIRSCH.

(Supreme Court, Appellate Term. June 22, 1903.)

1. CONVEYANCES—ENCROACHMENT—AGREEMENT FOR RELEASE—DEPOSIT — EXTENSION OF TIME—CONSIDERATION—ACTION FOR DEPOSIT.

There being an encroachment on property conveyed, the grantor deposited a certain sum for the benefit of the grantee, to be returned on delivery of a release of the land affected by the encroachment before a certain date. *Held*, that an extension of time made after such date, and without valuable consideration, was no ground for a recovery of the deposit, in an action brought after tender of the release, subsequent to the time originally specified.

Appeal from City Court of New York.

Action by Ida Koehler Bronner against William Hirsch. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Meyer M. Friend, for appellant.
Myers, Goldsmith & Bronner, for respondent.

MacLEAN, J. Upon the sale and conveyance on April 4, 1901, of certain property by the plaintiff to the defendant, and the discovery of the existence of an encroachment, the parties appear to have agreed, as appears from the allegations of the complaint and the depositary's certificate in evidence, to the deposit of $400 by the plaintiff with a third person, the Title Guarantee & Trust Company, for the benefit of the defendant, to be returned to the plaintiff upon the delivery of a proper release of the land affected by the encroachment "on or before April 1, 1902." "If she fails," reads the certificate, "to deliver said agreement on or before that date, and an extension of time be not granted to her or the Title Guarantee & Trust Company upon reasonable cause shown, then said deposit is to be paid to said Hirsch." The plaintiff alleges that prior to April 1, 1902, she represented her inability to procure the release because of some difficulty in reaching the parties who were to execute it, and that thereupon the defendant, "for a good and valuable consideration, duly extended plaintiff's time on and after April 1, 1902, within which to procure said agreement, and promised and agreed to and with the plaintiff to accept said agreement after April 1, 1902," and that on

or about June 8, 1902, she tendered a proper release, demanded the return of the sum deposited, and met with refusal. Too late! There is no evidence of any extension whatever by the defendant himself, and, granting proof of an extension by the third person, the Title Guarantee & Trust Company, even with authority so to act, there is no evidence of such extension prior to April 1, 1902. Whatever, if any, extension there was by that company, was after that date, and was not with good and valuable consideration as alleged, and as the law requires. The direction of a verdict in favor of the plaintiff was therefore against the evidence and the law, and the judgment entered thereon must be reversed, and a new trial ordered, with costs to abide the event.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.